CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PERCIVAL NORMAN FENTON, | CASE NO. 7:12CV00106 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| UNITED STATES OF AMERICA, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:07CR00025 |
| | |
| vs. | MEMORANDUM OPINION |
| | |
| PERCIVAL NORMAN FENTON, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Percival Norman Fenton, a former federal inmate proceeding pro se, filed this petition for a writ of error coram nobis, seeking to vacate the federal criminal judgment entered against him on September 13, 2007. After review of the petition and court records, the court denies coram nobis relief, construes Fenton's petition as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, and dismisses it as successive.

I

Fenton collected payments from various hospitals in western Virginia between 2000 and 2006 for conducting inspections and tests on nuclear medical equipment. Federal authorities

developed evidence in 2005, however, that Fenton did not have the necessary education and certification to perform these tests and had used invalid educational degrees and falsified credentials to convince medical facilities to hire him for work he was not qualified to do.

Confronted with the government's evidence, Fenton waived indictment and pleaded guilty, pursuant to a written plea agreement, to a 49-count information, charging him with 48 counts of engaging in a scheme to defraud and obtain money by false pretenses using the United States mail, in violation of 18 U.S.C. § 1341, and to one count of perjury, in violation of 18 U.S.C. § 1623(a). Fenton's plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C), fixed his custody range under the United States Sentencing Manual ("the guidelines") at 46 to 57 months imprisonment, with the sentences to run concurrent with each other. The agreement also stipulated to $400,000.00 in restitution, although the judgment stated the total loss to Fenton's victims as in excess of a million dollars. According to the terms of the plea agreement, the court sentenced Fenton to 48 concurrent terms of 54 months imprisonment, ordered him to pay restitution as set forth in the plea agreement, and imposed 49 concurrent three-year terms of supervised release. Fenton did not appeal the convictions or sentences.

In March 2011, Fenton filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming various constitutional violations related to the criminal proceedings. Because Fenton was then incarcerated at the United States Penitentiary in Bruceton Mills, West Virginia, U.S.P. Hazelton, the court transferred the § 2241 petition to the United States District Court for the Northern District of West Virginia, which dismissed the petition.[1]

In August 2011, Fenton filed a § 2255 motion, raising various challenges to his convictions and sentences. The court dismissed this motion under § 2255(f) as untimely filed,

---

[1] See Fenton v. United States, Civil Action No. 1:11CV36, 2011 WL 5041220 (N.D. W.Va. Oct. 24, 2011) (adopting report and recommendation) 2011 WL 5041229 (N.D. W.Va. May 19, 2011).

and Fenton's appeal was unsuccessful.[2] Fenton was released from the custody of the Federal Bureau of Prisons ("BOP") on September 30, 2011, on which date he began serving his concurrent three-year terms of supervised release.

Fenton styles the instant petition as a "MOTION IN BRIEF UNDER 28 U.S.C. § 1651 (CORAM NOBIS—ALL WRITS) TO CORRECT OR MODIFY SENTENCE BY A PERSON NO LONGER IN FEDERAL CUSTODY." In the petition, Fenton alleges that counsel provided ineffective assistance concerning the nature of the government's evidence, the legal definition of loss, and the calculation of restitution in relation to the plea agreement; and that Fenton would never have accepted the plea agreement if he had known of counsel's alleged errors. Fenton asserts that he is entitled to coram nobis relief because he was convicted for acts that the law does not deem criminal, and he seeks to incorporate into his coram nobis petition all the claims he raised in his § 2255 motion in 2011, because the court's dismissal of that motion as untimely precluded consideration of the claims on the merits.

## II

A court may issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction after the sentence has been served," but "only under circumstances compelling such action to achieve justice," where petitioner demonstrates "an error of the most fundamental character" has occurred, and only "where no other remedy [is] available." United States v. Bazuaye, 399 F. App'x. 822, 824 (4th Cir. 2010) (quoting United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."

---

[2] See United States v. Fenton, Case Nos. 5:07CR00025, 5:11CV80354, 2011 WL 3880936 (W.D. Va. Sept. 1, 2011), appeal dismissed, 455 F. App'x 316 (4th Cir. Nov 23, 2011).

Carlisle v. United States, 517 U.S. 416, 429 (1996).[3] "To be entitled to coram nobis relief, the petitioner must demonstrate all of the following conditions: '(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" Bazuaye, 399 F. App'x at 824. The court finds that Fenton's bid for coram nobis relief fails on the first and second factors.

It is well established that defendants in custody under federal criminal convictions who seek collateral relief from their convictions and sentences must ordinarily do so by filing a § 2255 motion.[4] See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). After a defendant has served his entire sentence and is no longer "in custody" under the federal criminal judgment, the § 2255 remedy is not available to him. See, e.g., United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001). A prisoner on supervised release is considered to be "in custody" for purposes of pursuing a § 2255 motion, however. See Maleng v. Cook, 490 U.S. 488, 491(1989); United States v. Pregent, 190 F.3d 279 (4th Cir. 1999). Because Fenton is serving his supervised release terms, he is still in custody under his federal criminal judgment. Thus, § 2255 is the statutory remedy available for him to use to challenge his conviction and sentences, and he is foreclosed from pursuing a writ of error coram nobis under § 1651 to challenge his

---

[3] See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (finding that § 2255 procedural limits, such as the bar against successive motions, "do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs" such as coram nobis) (omitting internal citations).

[4] Section 2255(a) provides:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

criminal conviction or sentence.[5] Moreover, all of the claims Fenton raises in his current petition are based on facts fully available to him at the time of trial. Accordingly, Fenton fails to demonstrate that he is entitled to pursue <u>coram</u> <u>nobis</u> relief under § 1651, and the court dismisses his petition on this ground.

The court also construes Fenton's petition as a second § 2255 motion. Since Fenton has already taken his bite of the § 2255 apple, his current motion is a second or successive one under § 2255(h) and absent the required certification from the court of appeals, must be dismissed as such. <u>See</u> <u>Gonzales v. Crosby</u>, 545 U.S. 524, 531-325 (2005) (authorizing district court to construe post-conviction motion as successive § 2255 to prevent defendants from circumventing procedural limits of § 2255). Fenton offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, the court dismisses his motion as successive. For the reasons stated, the court dismisses Fenton's petition without prejudice. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 30th day of April, 2012.

_____
Chief United States District Judge

---

[5] The statutory remedy in § 2255 is not "unavailable" to Fenton, merely because his first § 2255 motion was dismissed as untimely and his current motion, as successive. <u>See, e.g.</u>, <u>In re Vial</u>, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion") (omitting internal citations); <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.").