IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

04/10/2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 5:07-CR-00025 |
| | ) | |
| PERCIVAL NORMAN FENTON, | ) | |
| | ) | By: Hon. Robert S. Ballou |
| Defendant. | ) | United States District Judge |
| | ) | |

**MEMORANDUM OPINION**

Percival Norman Fenton filed a *pro se* motion to correct his sentence through a petition

for a writ of error coram nobis under 28 U.S.C. § 1651. Dkt. 89. Fenton's petition is

**DISMISSED**.

**I.      Background**

Between 2000 and 2006, Fenton accepted payment by mail from hospitals and other

medical facilities for services rendered in his capacity as a medical physicist. Dkt. 11 at 4. On

February 24, 2006, federal investigators interviewed Fenton after obtaining evidence that he had

insufficient education and qualifications to work as a medical physicist. *Id*. at 2. Fenton admitted

that he fraudulently obtained several degrees and certificates. *Id*. at 3. The evidence indicated

Fenton collected more than $1,000,000 through this scheme. Dkt. 16 at 4.

Confronted with this evidence, Fenton waived his right to indictment and agreed to plead

guilty to a forty-nine count information. On September 13, 2007, the Court entered a judgment

against Fenton pursuant to a plea agreement (Dkt. 8) between Fenton and the government in

which he pled guilty to forty-eight counts of mail fraud and one count of perjury. Dkt. 21. The

judgment imposed a sentence of 54 months for each of the counts to be served concurrently, a

term of supervised release of three years, a special assessment of $4,900, and restitution to be paid in the amount of $400,000.

Since the imposition of this judgment, Fenton has made numerous motions, appeals, and filings seeking to have this judgment amended or thrown out—all have been denied. Fenton first filed a § 2255 motion to vacate on August 17, 2011. Dkt. 39. The motion was denied on September 1, 2011 (Dkt. 43), and affirmed by the Fourth Circuit on November 23, 2011 (Dkt. 50). Fenton filed his second § 2255 motion on March 5, 2012. Dkt. 54. The Court denied this motion on April 30, 2012. Dkts. 55–56. Fenton filed a motion for reconsideration on June 19, 2012, which was denied on June 26. Dkts. 60–62. Both decisions were affirmed by the Fourth Circuit. Dkt. 70. Fenton filed his first petition for a writ of error coram nobis on April 15, 2014, which was denied on May 13, 2014. Dkt. 76–77. Fenton filed a motion for reconsideration on June 11, 2014, which was denied on June 16. *Id*. Dkt. 78–79. On March 1, 2024, Fenton filed a motion to set aside the judgment. Dkt. 81. On March 25, 2024, the Court denied the motion. Fenton filed a third § 2255 motion to vacate on May 8, 2024. The Court dismissed the motion as an unauthorized successive § 2255 motion on May 22, 2024 (Dkt. 84), and the Fourth Circuit affirmed on February 14, 2025 (Dkt. 88).

Now, Fenton has filed a petition for a writ of coram nobis alleging, as he has in nearly every previous filing, that he was qualified to work as a diagnostic health physicist, and therefore is actually innocent. Dkt. 89 at 6. He also alleges that the sentencing court improperly calculated the restitution amount because it does not correspond to actual loss. *Id*. at 8. Fenton claims his counsel was ineffective because his attorney failed to identify these errors or advise him that the agreed upon restitution and charges in the plea agreement did not correlate to the charges of conviction. *Id*. at 17. Fenton asserts that the $400,000 restitution was "random" and, that he

2

"never would have accepted the proffered deal" if he knew that he could be subject to restitution payments and seizure of property apart from the proposed $200 per month upon his release from incarceration. *Id*. at 27. Fenton claims that he did not discover these errors until 2011, after the dismissal of his first § 2255 and completion of his prison sentence. *Id*. at 19. Vaguely, Fenton alleges that his previously submitted writ of coram nobis was improperly dismissed by Judge Conrad, who engaged in "judicial bias." *Id*. at 4.

For relief, Fenton seeks to vacate his sentence, eliminate ongoing restitution payments, receive a refund for court fees, restore his voting rights, and otherwise be returned to a pre-conviction state. *Id*. at 5. He requests appointment of counsel[1] and a hearing to adjudicate these issues. *Id*. at 3.

## II.    Discussion

A writ of error coram nobis is available to vacate a conviction after the sentence has been completely served. *United States v. McDaniel*, 85 F.4th 176, 180 n.2 (4th Cir. 2023). It is a rare and extraordinary remedy available "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). A writ of error coram nobis shall issue only if

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*United States v. Lesane*, 40 F.4th 191, 197 (4th Cir. 2022) (citing *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012)).

---

[1] Appointment of counsel in a civil case is appropriate only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Because such circumstances are not demonstrated by this frivolous claim, the motion to appoint counsel is denied.

In this case, the first and third requirements for the issuance of a writ of coram nobis are met. As Fenton is no longer in custody, coram nobis is the proper avenue to challenge his conviction. *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). As to the third requirement, the Fourth Circuit has held that collateral consequences of conviction, such as disbarment and threat of deportation, are sufficient continuing injuries to fulfill the case or controversy requirement. *Lesane*, 40 F.4th at 203–04. Adopting an even more expansive view of the third requirement, the Fourth Circuit recently held that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Id*. at 204 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 606 (9th Cir. 1987)). Here, Fenton is subject to ongoing restitution payments and the attendant consequences of a felony conviction. These consequences are sufficient to show a case or controversy under Article III.

But Fenton fails to meet the second and fourth requirements for coram nobis relief. As to the second requirement—timeliness—Fenton provides no justification for his failure to seek earlier relief. "The absence of a formal 'deadline' for filing a coram nobis petition does not relieve a petitioner of his burden to affirmatively demonstrate that 'valid reasons exist for not attacking the conviction earlier.'" *United States v. Sutherland*, 103 F.4th 200, 212 (4th Cir. 2024) (quoting *Akinsade*, 686 F.3d at 252). The Fourth Circuit has held that the timeliness requirement is met when a petitioner plausibly claims actual innocence based on newly discovered facts, seeks relief shortly after a change in the law, or discovers previously unknown consequences of a wrongful conviction. *See Lesane*, 40 F.4th at 201 ("[I]f the petitioner is clearly innocent of the offense being challenged, untimeliness should not ordinarily bar relief."); *McDaniel*, 85 F.4th at 183 (petition filed less than a year after a change in the law); *Akinsade*, 686 F.3d at 252 ("Until

physically detained by immigration authorities in 2009, Akinsade had no reason to challenge the conviction as his attorney's advice, up to the point in time, appeared accurate."). The requirement is not met when the error was discovered, or discoverable, at the time of conviction but is only raised years later in a coram nobis petition. *Sutherland*, 103 F.4th at 212; *United States v. Bazuaye*, 399 F. App'x. 822, 824 (4th Cir. 2010).

Arguing that his motion is timely, Fenton merely asserts "this is the second post-incarceration/post supervised § 1651 filing release writ that the Petitioner has filed . . . the [writ of] coram nobis may not be filed while the Petitioner is still in custody." Dkt. 89 at 35. Fenton has raised the same claims repeatedly in numerous § 2255 motions to vacate and a previous petition under §1651. Coram nobis relief is an extraordinary remedy designed to provide relief based on *new* evidence or a *recent* change in the law that renders a final conviction unjust. *Bazuaye*, 399 F. App'x. at 824. Fenton seeks to relitigate claims addressed repeatedly by this Court. To the extent that Fenton makes new factual assertions, they were clearly discoverable at the time of his conviction and therefore are untimely. *See Sutherland*, 103 F.4th at 212; *United States v. Wilson*, 77 F.3d 472, *2 (4th Cir. 1996) (unpublished table decision) (holding that claims raised in the writ that could have been raised on direct appeal or §2255 motion fail to show the exceptional circumstances to warrant coram nobis relief). Fenton had ample opportunity to raise these claims on direct and collateral review while incarcerated. Because Fenton fails to provide justification for delay and has previously sought other avenues of relief based on the same claims, his claims are untimely. *See United States v. Patel*, No. 5:11-CR-00031, 2021 WL 1257547, at *4 (W.D. Va. Apr. 5, 2021) ("Coram nobis relief is rarely granted and is generally unavailable where a defendant seeks to assert claims that were, or could have been, raised through a § 2255 motion." (citing *Akinsade*, 686 F.3d at 252)).

As to the fourth requirement, Fenton fails to allege fundamental error. The fundamental error requirement is fulfilled only when the error "rendered the proceeding itself irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69 (1914). *See, e.g.*, *Lesane*, 40 F.4th at 201 (fundamental error due to wrongful conviction); *Akinsade*, 686 F.3d at 253 (fundamental error due to failure to advise of immigration consequences at plea colloquy); *contra Bazuaye*, 399 F. App'x. at 824 (no fundamental error despite illegal forfeiture provision in plea agreement); *Patel*, 2021 WL 1257547, at *4 (holding that fundamental error must be "more than a factual insufficiency that the petitioner's voluntary decisions may have caused").

Although Fenton claims actual innocence, his claims still fail to allege fundamental error. Fenton's claims of actual innocence and misunderstanding need not be taken as true when they are fully contradicted by the record. Representations of the parties and findings by the judge accepting a plea constitute a "formidable" barrier in collateral attacks to the conviction. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). When a petitioner later presents contradictory allegations, these allegations are subject to summary dismissal if they are "unsupported by specifics" or "wholly incredible" as compared to the record. *Id*. at 74. Fenton pled guilty pursuant to a written plea agreement and stated in open court that he was guilty of Counts One through Forty-Nine of the Information. Dkt. 16 at 2. Fenton affirmed that he reviewed the Information with counsel and understood the charges. *Id*. He also stated that he knew he would have to pay restitution of $400,000, which was based on the entirety of his criminal conduct, not just the charges to which he pled guilty. *Id*. at 3. Finally, Fenton asserted that counsel had been "very effective." *Id*. at 6. Fenton's repudiation of these earlier statements does not create a fundamental fact that could undermine the validity of the entire proceeding and resulting judgment. *See United States v. Rocky Mountain Corp.*, 746 F. Supp. 2d 790, 799 (W.D. Va.

6

2010) (holding that a challenge to the court's findings of fact is not an error of fundamental character). Because Fenton's allegations of ineffective assistance of counsel, improper restitution calculations, and actual innocence are "wholly incredible" as compared to the record, his claims are implausible and subject to summary dismissal as frivolous.

In essence, Fenton seeks to circumvent the prohibition on successive § 2255 petitions by once again challenging his conviction after completion of his sentence. If coram nobis relief were available simply because he is not in custody, every criminal defendant would seek such relief. Issuance of a writ of error coram nobis is appropriate only in the most extraordinary, compelling circumstances. *Morgan*, 346 U.S. at 511. Fenton's effort to find relief from his admitted criminal conduct is the latest in a series of frivolous challenges to his conviction and fails to meet that high bar to obtain a writ of error coram nobis.

### III.     Conclusion

Fenton's coram nobis petition is **DISMISSED**. An appropriate Order will follow. The Clerk is further directed to mail a copy of this Order to the *pro se* petitioner.

It is so **ORDERED**.

Entered:  April 10, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

7